UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **DARRYL MITCHELL,** | : | Case No.:  1:20-cv-00363-DRC |
| | : | |
| Plaintiff, | : | |
| | : | Judge Douglas R. Cole |
| v. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| **FUJITEC AMERICA, INC., et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

### DEFENDANT SHAWNEZ MCKENZIE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Shawnez McKenzie ("McKenzie" or "Defendant"), by and through counsel, answers the allegations of Darryl Mitchell ("Plaintiff") in his First Amended Complaint as follows, denying any allegation not specifically admitted:

1.      McKenzie admits this Court has jurisdiction over Plaintiff's Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, as amended, against Fujitec America, Inc. ("Fujitec" or "Company") and Fujitec Co., Ltd. in this action and supplemental jurisdiction over Plaintiff's remaining claims against Fujitec America, Inc. and Fujitec Co., Ltd., under 28 U.S.C. § 1367. McKenzie denies the remaining allegations contained in paragraph 1 of the First Amended Complaint and denies the existence of facts or circumstances that would justify this lawsuit or that Plaintiff is entitled to any damages.

2.      McKenzie admits the allegations contained in paragraph 2 of the First Amended Complaint.  McKenzie denies the existence of facts or circumstances that would justify this lawsuit or that Plaintiff is entitled to any damages.

3.      McKenzie lacks information to admit or deny the allegations contained in paragraph 3 of the First Amended Complaint and, therefore, denies the same.

4.      McKenzie lacks information to admit or deny the allegations contained in paragraph 4 of the First Amended Complaint and, therefore, denies the same.

5.      McKenzie lacks information to admit or deny the allegations contained in paragraph 5 of the First Amended Complaint and, therefore, denies the same.

6.      Paragraph 6 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie lacks information to admit or deny the allegations contained in paragraph 6 of the First Amended Complaint and, therefore, denies the same.

7.      Paragraph 7 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie lacks information to admit or deny the allegations stated in paragraph 7 of the First Amended Complaint and, therefore, denies the same.

8.      Paragraph 8 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie lacks information to admit or deny the allegations stated in paragraph 8 of the First Amended Complaint and, therefore, denies the same.

9.      Paragraph 9 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie lacks information to admit or deny the allegations stated in paragraph 9 of the First Amended Complaint and, therefore, denies the same.

10. McKenzie lacks information to admit or deny the allegations contained in paragraph 10 of the First Amended Complaint and, therefore, denies the same.

11. McKenzie admits the allegation contained in paragraph 11 of the First Amended Complaint.

12. Paragraph 12 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie admits she was an employee of Fujitec America, Inc. and lacks information to admit or deny the remaining allegations stated in paragraph 12 of the First Amended Complaint and, therefore, denies the same.

13. In response to paragraph 13 of the First Amended Complaint, McKenzie incorporates by reference its answers stated above as if fully restated herein.

14. McKenzie lacks information to admit or deny the allegations contained in paragraph 14 of the First Amended Complaint and, therefore, denies the same.

15. McKenzie lacks information to admit or deny the allegations contained in paragraph 15 of the First Amended Complaint and, therefore, denies the same.

16. McKenzie denies the allegations contained in paragraph 16 of the First Amended Complaint.

17. McKenzie lacks information to admit or deny the allegations contained in paragraph 17 of the First Amended Complaint and, therefore, denies the same.

18. McKenzie lacks information to admit or deny the allegations in paragraph 18 of the First Amended Complaint and, therefore, denies the same.

19. Paragraph 19 of the First Amended Complaint states a legal conclusion that requires no response. To the extent at response is required, McKenzie denies the allegation contained in paragraph 18 of the First Amended Complaint.

20.     Paragraph 20 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie lacks information to admit or deny whether Gary Krupp is a Caucasian male.  McKenzie denies the remaining allegations contained in paragraph 20 of the First Amended Complaint.

21.     Paragraph 21 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie lacks information to admit or deny whether Joseph A. Smith is a Caucasian male.  McKenzie denies the remaining allegations contained in paragraph 21 of the First Amended Complaint.

22.     McKenzie lacks information to admit or deny the allegations in paragraph 22 of the First Amended Complaint and, therefore, denies the same.

23.     McKenzie lacks information to admit or deny the allegations in paragraph 23 of the First Amended Complaint and, therefore, denies the same.

24.     McKenzie lacks information to admit or deny the allegations in paragraph 24 of the First Amended Complaint and, therefore, denies the same.

25.     McKenzie lacks information to admit or deny the allegations in paragraph 25 of the First Amended Complaint and, therefore, denies the same.

26.     McKenzie lacks information to admit or deny the allegations in paragraph 26 of the First Amended Complaint and, therefore, denies the same.

27.     McKenzie lacks information to admit or deny the allegations in paragraph 27 of the First Amended Complaint and, therefore, denies the same.

28.     McKenzie lacks information to admit or deny the allegations in paragraph 28 of the First Amended Complaint and, therefore, denies the same.

29.     McKenzie lacks information to admit or deny the allegations in paragraph 29 of the First Amended Complaint and, therefore, denies the same.

30.     McKenzie lacks information to admit or deny the allegations in paragraph 30 of the First Amended Complaint and, therefore, denies the same.

31.     McKenzie lacks information to admit or deny the allegations in paragraph 31 of the First Amended Complaint and, therefore, denies the same.

32.     McKenzie lacks information to admit or deny the allegations in paragraph 32 of the First Amended Complaint and, therefore, denies the same.

33.     McKenzie lacks information to admit or deny the allegations in paragraph 33 of the First Amended Complaint and, therefore, denies the same.

34.     Paragraph 34 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie lacks information to admit or deny the allegations stated in paragraph 34 of the First Amended Complaint and, therefore, denies the same.

35.     Paragraph 35 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie lacks information to admit or deny the allegations stated in paragraph 35 of the First Amended Complaint and, therefore, denies the same.

36.     McKenzie lacks information to admit or deny the allegations in paragraph 36 of the First Amended Complaint and, therefore, denies the same.

37.     McKenzie lacks information to admit or deny the allegations in paragraph 37 of the First Amended Complaint and, therefore, denies the same.

38.　　McKenzie lacks information to admit or deny the allegations in paragraph 38 of the First Amended Complaint and, therefore, denies the same.

39.　　McKenzie lacks information to admit or deny the allegations in paragraph 39 of the First Amended Complaint and, therefore, denies the same.

40.　　McKenzie lacks information to admit or deny the allegations in paragraph 40 of the First Amended Complaint and, therefore, denies the same.

41.　　McKenzie lacks information to admit or deny the allegations in paragraph 41 of the First Amended Complaint and, therefore, denies the same.

42.　　McKenzie lacks information to admit or deny the allegations in paragraph 42 of the First Amended Complaint and, therefore, denies the same.

43.　　McKenzie lacks information to admit or deny the allegations in paragraph 43 of the First Amended Complaint and, therefore, denies the same.

44.　　McKenzie lacks information to admit or deny the allegations in paragraph 44 of the First Amended Complaint and, therefore, denies the same.

45.　　McKenzie lacks information to admit or deny the allegations in paragraph 45 of the First Amended Complaint and, therefore, denies the same.

46.　　McKenzie admits that she made a sexual harassment complaint against Plaintiff, that she was an employee in Fujitec's Finance Department and that Plaintiff had sexually harassed her multiple times in the past in violation of workplace policies. McKenzie lacks information to admit or deny the remaining allegations in paragraph 46 of the First Amended Complaint and, therefore, denies the same.

47.     McKenzie admits that she made a sexual harassment complaint against Plaintiff. McKenzie lacks information to admit or deny the allegations in paragraph 47 of the First Amended Complaint and, therefore, denies the same.

48.     McKenzie lacks information to admit or deny the allegations in paragraph 48 of the First Amended Complaint and, therefore, denies the same.

49.     McKenzie admits that she made a sexual harassment complaint against Plaintiff and Fujitec maintained a sexual harassment policy. McKenzie admits that Fujitec's policy speaks for itself. McKenzie lacks information to admit or deny the allegations in paragraph 49 of the First Amended Complaint and, therefore, denies the same.

50.     McKenzie admits that she made a sexual harassment complaint against Plaintiff and Fujitec conducted an investigation into her complaint. McKenzie admits that, among other things, Plaintiff had propositioned her in the past and had previously grabbed her by the waist in the kitchen at work and brushed against her buttocks in an offensive and inappropriate manner. McKenzie lacks information to admit or deny the remaining allegations in paragraph 50 of the First Amended Complaint and, therefore, denies the same.

51.     McKenzie admits that Plaintiff sexually harassed her on multiple occasions. McKenzie denies the remaining allegations contained in paragraph 51 of the First Amended Complaint.

52.     McKenzie admits Plaintiff frequently asked to visit McKenzie in her home. McKenzie lacks information to admit or deny the allegations of what was discussed during the interview between Plaintiff and Turner in paragraph 52 of the First Amended Complaint and, therefore, denies the same.  McKenzie denies the remaining allegations contained in paragraph 52 of the First Amended Complaint.

53.     McKenzie admits that Plaintiff sexual harassed her and inappropriately called her on multiple occasions.  McKenzie lacks information to admit or deny the remaining allegations in paragraph 53 of the First Amended Complaint and, therefore, denies the same.

54.     McKenzie lacks information to admit or deny the allegations in paragraph 54 of the First Amended Complaint and, therefore, denies the same.

55.     McKenzie admits that Plaintiff sexual harassed her and inappropriately called her on multiple occasions.  McKenzie lacks information to admit or deny the remaining allegations in paragraph 55 of the First Amended Complaint and, therefore, denies the same.

56.     McKenzie lacks information to admit or deny the allegations in paragraph 56 of the First Amended Complaint and, therefore, denies the same.

57.     McKenzie lacks information to admit or deny the allegations in paragraph 57 of the First Amended Complaint and, therefore, denies the same.

58.     McKenzie lacks information to admit or deny the allegations in paragraph 58 of the First Amended Complaint and, therefore, denies the same.

59.     McKenzie lacks information to admit or deny the allegations in paragraph 59 of the First Amended Complaint and, therefore, denies the same.

60.     McKenzie lacks information to admit or deny the allegations in paragraph 60 of the First Amended Complaint and, therefore, denies the same.

61.     McKenzie admits that she made a sexual harassment complaint against Plaintiff and Fujitec conducted an investigation into her complaint. McKenzie lacks information to admit or deny the allegations in paragraph 61 of the First Amended Complaint and, therefore, denies the same.

62.     McKenzie lacks information to admit or deny the allegations in paragraph 62 of the First Amended Complaint and, therefore, denies the same.

63.     McKenzie lacks information to admit or deny the allegations in paragraph 63 of the First Amended Complaint and, therefore, denies the same.

64.     McKenzie lacks information to admit or deny the allegations in paragraph 64 of the First Amended Complaint and, therefore, denies the same.

65.     McKenzie lacks information to admit or deny the allegations in paragraph 65 of the First Amended Complaint and, therefore, denies the same.

66.     McKenzie admits that she made a sexual harassment complaint against Plaintiff, Fujitec conducted an investigation into her complaint, Mitchell violated the Company's sexual harassment policy and Plaintiff was terminated. McKenzie lacks information to admit or deny the remaining allegations in paragraph 66 of the First Amended Complaint and, therefore, denies the same.

67.     McKenzie admits that she made a sexual harassment complaint against Plaintiff and Fujitec conducted an investigation into her complaint. McKenzie lacks information to admit or deny the remaining allegations concerning the investigation in paragraph 67 of the First Amended Complaint and, therefore, denies the same.

68.     McKenzie denies the allegations in paragraph 68 of the First Amended Complaint.

69.     McKenzie denies the allegations in paragraph 69 of the First Amended Complaint., including all subparts.

70.     McKenzie denies the allegations in paragraph 70 of the First Amended Complaint.

71.     McKenzie admits that she attempted to maintain a purely professional relationship with Plaintiff, but Plaintiff continually sexually harassed McKenzie despite her rejections. McKenzie denies the remaining allegations in paragraph 71 of the First Amended Complaint.

72.     McKenzie denies the allegations contained in paragraph 72 of the First Amended Complaint.

73.     McKenzie admits that she made a sexual harassment complaint against Plaintiff and Fujitec conducted an investigation into her complaint. McKenzie lacks information to admit or deny the allegations in paragraph 73 of the First Amended Complaint and, therefore, denies the same.

74.     McKenzie lacks information to admit or deny the allegations in paragraph 74 of the First Amended Complaint and, therefore, denies the same.

75.     Paragraph 75 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie lacks information to admit or deny the allegations stated in paragraph 75 of the First Amended Complaint and, therefore, denies the same.

76.     McKenzie admits that she made a sexual harassment complaint against Plaintiff and Fujitec conducted an investigation into her complaint. McKenzie lacks information to admit or deny the allegations in paragraph 76 of the First Amended Complaint and, therefore, denies the same.  McKenzie denies the remaining allegations contained in paragraph 76 of the First Amended Complaint.

77.     McKenzie admits that she made a sexual harassment complaint against Plaintiff and Fujitec conducted an investigation into her complaint. McKenzie lacks information to admit

or deny the allegations in paragraph 77 of the First Amended Complaint and, therefore, denies the same.

78.     McKenzie lacks information to admit or deny what was communicated between Mr. Krupp and Plaintiff outside of her personal knowledge and, therefore, denies the same. McKenzie denies the remaining allegations in paragraph 78 of the First Amended Complaint.

79.     McKenzie lacks information to admit or deny the allegations in paragraph 79 of the First Amended Complaint and, therefore, denies the same.

80.     McKenzie denies the allegations contained in paragraph 80 of the First Amended Complaint.

81.     McKenzie denies the allegations contained in paragraph 81 of the First Amended Complaint.

82.     McKenzie admits that she made a sexual harassment complaint against Plaintiff and Fujitec maintained a sexual harassment policy. McKenzie admits that Fujitec's policy speaks for itself.

83.     McKenzie admits that she made a sexual harassment complaint against Plaintiff and Fujitec maintained a sexual harassment policy. McKenzie admits that Fujitec's policy speaks for itself.

84.     McKenzie admits that she made a sexual harassment complaint against Plaintiff and Fujitec maintained a sexual harassment policy. McKenzie admits that Fujitec's policy speaks for itself.

85.     McKenzie admits that Plaintiff sexually harassed her.  McKenzie lacks information to admit or deny the allegations in paragraph 85 of the First Amended Complaint and, therefore,

denies the same. Answering further, McKenzie denies the validity of any alleged appeal by Plaintiff.

86. McKenzie lacks information to admit or deny the allegations in paragraph 86 of the First Amended Complaint and, therefore, denies the same.

87. McKenzie lacks information to admit or deny the allegations in paragraph 87 of the First Amended Complaint and, therefore, denies the same.

88. McKenzie lacks information to admit or deny the allegations in paragraph 88 of the First Amended Complaint and, therefore, denies the same.

89. McKenzie lacks information to admit or deny the allegations in paragraph 89 of the First Amended Complaint and, therefore, denies the same.

90. McKenzie lacks information to admit or deny the allegations in paragraph 90 of the First Amended Complaint and, therefore, denies the same.

91. McKenzie lacks information to admit or deny the allegations in paragraph 91 of the First Amended Complaint and, therefore, denies the same.

92. McKenzie denies the allegations contained in paragraph 92 of the First Amended Complaint.

93. In response to paragraph 93 of the First Amended Complaint, McKenzie incorporates by reference its answers stated above as if fully restated herein.

94. Paragraph 94 of the First Amended Complaint calls for a legal conclusion. To the extent a responses is required, McKenzie states that Ohio law speaks for itself and admits that the Court dismissed Count I Wrongful Termination against McKenzie with prejudice in its February 8, 2021 Order. McKenzie denies the remaining allegations contained in paragraph 94 of the First Amended Complaint.

95.     In response to paragraph 95 of the First Amended Complaint, McKenzie admits that the Court dismissed Count I Wrongful Termination against McKenzie with prejudice in its February 8, 2021 Order. McKenzie denies the remaining allegations contained in paragraph 95 of the First Amended Complaint.

96.     In response to paragraph 96 of the First Amended Complaint, McKenzie admits that the Court dismissed Count I Wrongful Termination against McKenzie with prejudice in its February 8, 2021 Order.  McKenzie denies the remaining allegations contained in paragraph 96 of the First Amended Complaint.

97.     In response to paragraph 97 of the First Amended Complaint, McKenzie admits that the Court dismissed Count I Wrongful Termination against McKenzie with prejudice in its February 8, 2021 Order.  McKenzie denies the remaining allegations contained in paragraph 97 of the First Amended Complaint.

98.     In response to paragraph 98 of the First Amended Complaint, McKenzie admits that the Court dismissed Count I Wrongful Termination against McKenzie with prejudice in its February 8, 2021 Order. McKenzie denies the remaining allegations contained in paragraph 98 of the First Amended Complaint.

99.     In response to paragraph 99 of the First Amended Complaint, McKenzie incorporates by reference its answers stated above as if fully restated herein.

100.     McKenzie denies the allegations contained in paragraph 100 of the First Amended Complaint.

101.     McKenzie denies the allegations contained in paragraph 101 of the First Amended Complaint.

102.    McKenzie denies the allegations contained in paragraph 102 of the First Amended Complaint.

103.    McKenzie denies the allegations contained in paragraph 103 of the First Amended Complaint.

104.    McKenzie denies the allegations contained in paragraph 104 of the First Amended Complaint.

105.    In response to paragraph 105 of the First Amended Complaint, McKenzie incorporates by reference its answers stated above as if fully restated herein.

106.    In response to paragraph 106 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III against Defendant Krupp. To the extent a response is required, McKenzie lacks information to admit or deny the allegations in paragraph 106 of the First Amended Complaint and, therefore, denies the same.

107.    In response to paragraph 107 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III only against Defendant Krupp. To the extent a response is required, McKenzie denies allegation that she made defamatory or false statements.  McKenzie lacks information to admit or deny the remaining allegations in paragraph 107 of the First Amended Complaint and, therefore, denies the same.

108.    In response to paragraph 108 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III only against Defendant Krupp. To the extent a response is required, McKenzie lacks information to admit or deny the allegations in paragraph 108 of the First Amended Complaint and, therefore, denies the same.

109.    In response to paragraph 109 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III only against Defendant Krupp. To the extent a response is required,

McKenzie lacks information to admit or deny the allegations in paragraph 109 of the First Amended Complaint and, therefore, denies the same.

110.     In response to paragraph 110 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III only against Defendant Krupp. To the extent a response is required, McKenzie lacks information to admit or deny the allegations in paragraph 110 of the First Amended Complaint and, therefore, denies the same.

111.     In response to paragraph 111 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III only against Defendant Krupp. To the extent a response is required, McKenzie lacks information to admit or deny the allegations in paragraph 111 of the First Amended Complaint and, therefore, denies the same.

112.     In response to paragraph 112 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III only against Defendant Krupp. To the extent a response is required, McKenzie lacks information to admit or deny the allegations in paragraph 112 of the First Amended Complaint and, therefore, denies the same.

113.     In response to paragraph 113 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III only against Defendant Krupp. To the extent a response is required, McKenzie lacks information to admit or deny the allegations in paragraph 113 of the First Amended Complaint and, therefore, denies the same.

114.     In response to paragraph 114 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III only against Defendant Krupp. To the extent a response is required, McKenzie lacks information to admit or deny the allegations in paragraph 114 of the First Amended Complaint and, therefore, denies the same.

115.     In response to paragraph 115 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III only against Defendant Krupp. To the extent a response is required, McKenzie lacks information to admit or deny the allegations in paragraph 115 of the First Amended Complaint and, therefore, denies the same.

116.     In response to paragraph 116 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III only against Defendant Krupp. To the extent a response is required, McKenzie lacks information to admit or deny the allegations in paragraph 116 of the First Amended Complaint and, therefore, denies the same.

117.     In response to paragraph 117 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III only against Defendant Krupp. To the extent a response is required, McKenzie denies the allegations contained in paragraph 117 of the First Amended Complaint.

118.     In response to paragraph 118 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count III only against Defendant Krupp. To the extent a response is required, McKenzie denies the allegations contained in paragraph 118 of the First Amended Complaint.

119.     In response to paragraph 119 of the First Amended Complaint, McKenzie incorporates by reference its answers stated above as if fully restated herein.

120.     In response to paragraph 120 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count IV only against Defendant Krupp. To the extent a response is required, McKenzie lacks information to admit or deny the allegations in paragraph 120 of the First Amended Complaint and, therefore, denies the same.

121.     In response to paragraph 121 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count IV only against Defendant Krupp. To the extent a response is required, McKenzie denies the allegations in paragraph 121 of the First Amended Complaint.

122.     In response to paragraph 122 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count IV only against Defendant Krupp. To the extent a response is required, McKenzie denies the allegations in paragraph 122 of the First Amended Complaint.

123.     In response to paragraph 123 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count IV only against Defendant Krupp. To the extent a response is required, McKenzie denies the allegations in paragraph 123 of the First Amended Complaint.

124.     In response to paragraph 124 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count IV only against Defendant Krupp. To the extent a response is required, McKenzie denies the allegations in paragraph 124 of the First Amended Complaint.

125.     In response to paragraph 125 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count IV only against Defendant Krupp. To the extent a response is required, McKenzie denies the allegations in paragraph 125 of the First Amended Complaint.

126.     In response to paragraph 126 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count IV only against Defendant Krupp. To the extent a response is required, McKenzie denies the allegations in paragraph 126 of the First Amended Complaint.

127.     In response to paragraph 127 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count IV only against Defendant Krupp. To the extent a response is required, McKenzie denies the allegations in paragraph 127 of the First Amended Complaint.

128.     In response to paragraph 128 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count IV only against Defendant Krupp. To the extent a response is required, McKenzie denies the allegations in paragraph 128 of the First Amended Complaint.

129.     In response to paragraph 129 of the First Amended Complaint, McKenzie admits that Plaintiff asserted Count IV only against Defendant Krupp. To the extent a response is required, McKenzie denies the allegations in paragraph 129 of the First Amended Complaint.

130.     In response to paragraph 130 of the First Amended Complaint, McKenzie incorporates by reference its answers stated above as if fully restated herein.

131.     In response to paragraph 131 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 131.

132.     In response to paragraph 132 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 132.

133.     In response to paragraph 133 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 133.

134.     In response to paragraph 134 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 134.

135.     In response to paragraph 135 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 135.

136.     In response to paragraph 136 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 136.

137.    In response to paragraph 137 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 137.

138.    In response to paragraph 138 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 138.

139.    In response to paragraph 139 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 139.

140.    In response to paragraph 140 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 140.

141.    In response to paragraph 141 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 141.

142.    In response to paragraph 142 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 142.

143.    In response to paragraph 143 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 143.

144.    In response to paragraph 144 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 144.

145.    In response to paragraph 145 of the First Amended Complaint, McKenzie admits that the Court dismissed Count V Breach of Implied Contract against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 145.

146.    In response to paragraph 146 of the First Amended Complaint, McKenzie incorporates by reference its answers stated above as if fully restated herein.

147.    In response to paragraph 147 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VI (previously identified a Count VII in Plaintiff's Complaint) Promissory Estoppel against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 147.

148.    In response to paragraph 148 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VI (previously identified a Count VII in Plaintiff's Complaint) Promissory Estoppel against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 148.

149.    In response to paragraph 149 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VI (previously identified a Count VII in Plaintiff's Complaint) Promissory Estoppel against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 149.

150.    In response to paragraph 150 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VI (previously identified a Count VII in Plaintiff's Complaint)

Promissory Estoppel against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 150.

151.    In response to paragraph 151 of the First Amended Complaint, McKenzie incorporates by reference its answers stated above as if fully restated herein.

152.    In response to paragraph 152 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VII (previously identified as Count VIII in Plaintiff's Complaint) Title VII of the Civil Rights Act of 1964 against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 152.

153.    In response to paragraph 153 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VII (previously identified as Count VIII in Plaintiff's Complaint) Title VII of the Civil Rights Act of 1964 against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 153.

154.    In response to paragraph 154 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VII (previously identified as Count VIII in Plaintiff's Complaint) Title VII of the Civil Rights Act of 1964 against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 154.

155.    In response to paragraph 155 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VII (previously identified as Count VIII in Plaintiff's Complaint) Title VII of the Civil Rights Act of 1964 against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 155.

156.    In response to paragraph 156 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VII (previously identified as Count VIII in Plaintiff's Complaint)

Title VII of the Civil Rights Act of 1964 against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 156.

157.    In response to paragraph 157 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VII (previously identified as Count VIII in Plaintiff's Complaint) Title VII of the Civil Rights Act of 1964 against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 157.

158.    In response to paragraph 158 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VII (previously identified as Count VIII in Plaintiff's Complaint) Title VII of the Civil Rights Act of 1964 against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 158.

159.    In response to paragraph 159 of the First Amended Complaint, McKenzie incorporates by reference its answers stated above as if fully restated herein.

160.    In response to paragraph 160 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VIII (previously identified as Count IX in Plaintiff's Complaint) Title VII Retaliation against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 160.

161.    In response to paragraph 161 of the First Amended Complaint, McKenzie admits that the Court dismissed Count VIII (previously identified as Count IX in Plaintiff's Complaint) Title VII Retaliation against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 161.

162.    In response to paragraph 162 of the First Amended Complaint, McKenzie incorporates by reference its answers stated above as if fully restated herein.

163.    McKenzie lacks information to admit or deny the allegations stated in paragraph 163 of the First Amended Complaint and, therefore, denies the same.

164.    Paragraph 164 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie denies the allegations stated in paragraph 164 of the First Amended Complaint.

165.    Paragraph 165 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie denies the allegations stated in paragraph 165 of the First Amended Complaint.

166.    McKenzie denies the allegations contained in paragraph 166 of the First Amended Complaint.

167.    In response to paragraph 167 of the First Amended Complaint, McKenzie incorporates by reference its answers stated above as if fully restated herein.

168.    In response to paragraph 168 of the First Amended Complaint, McKenzie admits that the Court dismissed Count X (previously identified as Count XI in Plaintiff's Complaint) State Law Retaliation against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 168.

169.    In response to paragraph 169 of the First Amended Complaint, McKenzie admits that the Court dismissed Count X (previously identified as Count XI in Plaintiff's Complaint) State Law Retaliation against McKenzie with prejudice in its February 8, 2021 Order and, therefore, denies the allegations contained in paragraph 169.

170.    In response to paragraph 170 of the First Amended Complaint, McKenzie incorporates by reference its answers stated above as if fully restated herein.

171.     Paragraph 171 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie denies the allegations contained in paragraph 171 of the First Amended Complaint.

172.     Paragraph 172 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie denies the allegations contained in paragraph 172 of the First Amended Complaint.

173.     Paragraph 173 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie denies the allegations contained in paragraph 173 of the First Amended Complaint.  Answering further, Plaintiff is responsible for any damages related to his reputation and/or marriage as Plaintiff sexually harassed McKenzie.

174.     McKenzie denies the allegations contained in paragraph 174 of the First Amended Complaint.  Answering further, Plaintiff is responsible for any damages related to his reputation and/or marriage as Plaintiff sexually harassed McKenzie.

175.     Paragraph 175 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie denies the allegations contained in paragraph 175 of the First Amended Complaint.  Answering further, Plaintiff is responsible for any damages related to his reputation and/or marriage as Plaintiff sexually harassed McKenzie.

176.     Paragraph 176 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie denies the allegations contained in paragraph 176 of the First Amended Complaint.

177.     Paragraph 177 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie denies the allegations contained in paragraph 177 of the First Amended Complaint.  Answering further, Plaintiff is responsible for any anguish suffered as Plaintiff sexually harassed McKenzie.

178.     Paragraph 178 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie denies the allegations contained in paragraph 178 of the First Amended Complaint.  Answering further, Plaintiff is responsible for any emotional distress suffered as Plaintiff sexually harassed McKenzie.

179.     Paragraph 179 of the First Amended Complaint states a legal conclusion that requires no response. To the extent a response is required, McKenzie denies the allegations contained in paragraph 179 of the First Amended Complaint.

180.     McKenzie denies the allegations contained in paragraph 180 of the First Amended Complaint.

181.     McKenzie admits that Plaintiff purports to seek the relief alleged in the paragraph beginning "WHEREFORE" on page 35 of the First Amended Complaint but denies the allegations contained therein and denies that Plaintiff is entitled to any of the relief requested, at law or in equity.

182.     All other allegations not otherwise admitted or answered herein are denied.

## AFFIRMATIVE AND OTHER DEFENSES[1]

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims fail to the extent they are barred, in whole, or in part, by the applicable statute of limitations.

---

[1] No defense in this Answer shall be deemed an affirmative defense unless failure to assert it would be deemed a waiver of the defense by Defendant.

3.      This Court lacks subject-matter jurisdiction to hear some or all of Plaintiff's claims against individual Defendant McKenzie.

4.      Plaintiff's claims against McKenzie fail to the extent they were already dismissed by the Court pursuant to its order of February 8, 2021.

5.      Plaintiff's claims fail to the extent they are barred by the doctrines of estoppel, laches, and/or waiver.

6.      Plaintiff's claims fail to the extent they are barred by accord and satisfaction and/or release of claims.

7.      Plaintiff's claims may be barred by res judicata, collateral estoppel, and/or judicial estoppel.

8.      Plaintiff's claims may be barred to the extent Plaintiff filed for bankruptcy and failed to list his claims in the action as assets.

9.      Plaintiff's claims fail to the extent he failed to mitigate his damages, if any.

10.     Should McKenzie be held liable to Plaintiff, which liability is specifically denied, McKenzie would be entitled to a set off for the total of all amounts paid to Plaintiff from all collateral sources.

11.     Plaintiff's claims are barred by the doctrine of unclean hands.

12.     Plaintiff's claims against McKenzie are barred because any statement made by McKenzie was true and/or made in good faith for a proper purpose, without malice and/or was privileged.

13.     Plaintiff's claims against McKenzie fail because the allegedly defamatory statement was not published.

14.     Plaintiff's remedies are barred, in whole or in part, to the extent Fujitec would have terminated Plaintiff as a result of after acquired evidence.

15.     Plaintiff's claims for wrongful discharge are barred on grounds of public policy because he sexually harassed his coworker, and therefore disqualified himself from his job.

16.     Plaintiff's claim for punitive damages is barred by McKenzie's good faith efforts to comply with the law and/or Plaintiff's failure to seek relief in accordance therewith.

17.     Plaintiff's claim for punitive damages is barred by the Constitution of the United States and the Constitution of Ohio.

Defendant Shawnez McKenzie reserves the right to assert other defenses (affirmative or otherwise) which may be discovered to be applicable after further discovery.

Respectfully submitted,

*/s/ Katherine M. Collier*
Neal Shah (0082672)
Katherine M. Collier (0097082)
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street, Suite 3300
Cincinnati, Ohio 45202
Phone: 513-651-6800
Fax: 513-651-6981
nshah@fbtlaw.com
kcollier@fbtlaw.com

*Trial Attorneys for Defendant Shawnez McKenzie*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2021 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Katherine M. Collier*