### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| DARRYL MITCHELL, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | |
| v. | ) | NO. 1:20-cv-00363-DRC |
| | ) | |
| FUJITEC AMERICA, INC., FUJITEC CO., | ) | |
| LTD., GARY KRUPP and SHAWNEZ | ) | |
| MCKENZIE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
### FUJITEC AMERICA, INC., FUJITEC CO., LTD AND GARY KRUPP

COME NOW, Defendants Fujitec America, Inc., Fujitec Co., Ltd, and Gary Krupp (hereinafter the Fujitec Defendants), and file this, their Answer to Plaintiff's First Amended Complaint (hereinafter "Complaint"), and by way of said Answer respectfully show the following:

### FIRST DEFENSE

Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute.

### THIRD DEFENSE

Plaintiff's damages for his statutory claims are limited to those remedies and those amounts provided for by the statute.

## FOURTH DEFENSE

Even if any adverse actions were taken against the Plaintiff for reasons related to Plaintiff's protected class status or any exercise by Plaintiff of protected rights, Plaintiff would have been subject to adverse employment actions or otherwise for reasons unrelated to any protected class status or activities, including after-acquired evidence.

## FIFTH DEFENSE

Any adverse action taken against Plaintiff was done so in good faith without malice or reckless indifference to Plaintiff's protected rights.

## SIXTH DEFENSE

All claims of the Plaintiff brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., are barred to the extent that they were never made the subject of a charge of discrimination within the time required by law with the Equal Employment Opportunity Commission or because the claims are not within the scope of any charge of discrimination filed by Plaintiff.

## SEVENTH DEFENSE

Even if Plaintiff was subject to unlawful conduct based on Plaintiff's protected class status, Defendant exercised reasonable care to prevent and correct the actions which support Plaintiff's claim and Plaintiff unreasonably failed to avail himself of preventive or corrective opportunities or to avoid harm otherwise.

## EIGHTH DEFENSE

Even if Defendant paid Plaintiffs wages at a rate less than the rate at which Defendant paid employees of the opposite sex for equal work for jobs which require equal skill, effort, and

responsibility, and which are performed under similar working conditions, such payment was not based upon discrimination and was based upon legitimate, non-discriminatory reasons.

### NINTH DEFENSE

The factor of race provided no basis for any differential between the wages paid to Plaintiff and the wages paid to any employees of the opposite race performing equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions.

### TENTH DEFENSE

No decision-maker of Defendant, including any decision-maker in middle or upper management, was influenced by race bias.

### ELEVENTH DEFENSE

Plaintiff has failed to mitigate damages as required by law.

### TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrines of absolute and qualified privilege provided by law.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of truth and by justification provided for by law.

### FOURTEENTH DEFENSE

Plaintiffs' Complaint alleges communications that, if made, are privileged for the reason that such communications were statements made in good faith in the performance of a legal or moral private duty, and such communications were statements made with a good faith intent on the part of the speaker to protect his or her interest in a matter in which it is concerned.

## FIFTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the statute of frauds and/or the parol evidence rule.

## SIXTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of failure of consideration and/or estoppel.

## SEVENTEENTH DEFENSE

Plaintiff has unclean hands.

## EIGHTEENTH DEFENSE

Defendant Krupp, to the extent sued in his individual capacity, is not a proper party to some or all of the claims pled in this civil action.

## NINETEENTH DEFENSE

The Fujitec Defendants reserve the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## TWENTIETH DEFENSE

For answer to the respective paragraphs of the First Amended Complaint (hereinafter referred to as "the Complaint"), these Defendants show as follows:

1.

The Fujitec Defendants admit that jurisdiction is proper in this Court as to the federal claims and deny the remaining allegations pled in paragraph 1 of the Complaint.

2.

The Fujitec Defendants admit that venue is proper in this Court as to the federal claims and deny the remaining allegations pled in paragraph 2 of the Complaint.

3.

The Fujitec Defendants are without knowledge or information sufficient to admit or deny the allegations pled in paragraph 3 of the Complaint.

4.

Admitted.

5.

Denied.

6.

Denied.

7.

Denied.

8.

Denied.

9.

Denied.

10.

Admitted.

11.

The Fujitec Defendants are without knowledge or information sufficient to admit or deny the allegations pled in paragraph 11 of the Complaint.

12.

The Fujitec Defendants note that several of the allegations in paragraph 12 are not directed to them and do not require a response from them.  The Fujitec Defendants admit that Defendant Krupp is an employee of Fujitec America, Inc., and denies the remaining allegations pled in paragraph 12 of the Complaint.

13.

The Fujitec Defendants incorporate by reference their responses to paragraphs 1-12 of this Answer as though fully set forth herein.

14.

The Fujitec Defendants are without knowledge or information sufficient to admit or deny the allegations pled in paragraph 14 of the Complaint.

15.

The Fujitec Defendants admit that Plaintiff served as General Counsel for Fujitec, and deny the remaining allegations pled in paragraph 15 of the Complaint.

16.

Denied.

17.

The Fujitec Defendants admit that Plaintiff served in more than one role over the term of his employment with Fujitec, and deny the remaining allegations pled in paragraph 17 of the Complaint.

18.

Denied.

19.

Denied.

20.

Denied.

21.

Denied.

22.

The Fujitec Defendants admit that the CFO position was vacant for a period of time, and deny the remaining allegations pled in paragraph 22 of the Complaint.

23.

Denied.

24.

The Fujitec Defendants deny that Krupp and Smith are or were in any way comparators to Plaintiff, and as such, deny the allegations pled in paragraph 24 of the Complaint.

25.

The Fujitec Defendants deny that Krupp and Smith are or were in any way comparators to Plaintiff, and as such, deny the allegations pled in paragraph 25 of the Complaint.

26.

The Fujitec Defendants deny that Krupp and Smith are or were in any way comparators to Plaintiff, and as such, deny the allegations pled in paragraph 26 of the Complaint.

27.

Denied.

28.

The Fujitec Defendants admit that Plaintiff's salary was appropriate for an individual of his tenure in his position in the geographic location where he lived and worked, show that his compensation had the potential to include multiple components, and deny the remaining allegations pled in paragraph 28 of the Complaint.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied.

33.

The Fujitec Defendants admit that other employees did receive pay increases in 2019, and deny the remaining allegations pled in paragraph 33 of the Complaint.

34.

Denied.

35.

Denied.

36.

The Fujitec Defendants show that that pay decisions are based upon reasonable and non-discriminatory factors, show that Company records would show the actual pay level for employees at a particular period of time in 2019, and deny the remaining allegations pled in paragraph 36 of the Complaint.

37.

Denied.

38.

The Fujitec Defendants admit that Plaintiff sought an unwarranted pay raise, and deny the remaining allegations pled in paragraph 38 of the Complaint.

39.

The Fujitec Defendants admit that Plaintiff sought an unwarranted pay raise, and deny the remaining allegations pled in paragraph 39 of the Complaint.

40.

The Fujitec Defendants admit that Plaintiff sought an unwarranted pay raise, and deny the remaining allegations pled in paragraph 40 of the Complaint.

41.

The Fujitec Defendants admit that Plaintiff sought an unwarranted pay raise, and deny the remaining allegations pled in paragraph 41 of the Complaint.

42.

Denied.

43.

Denied.

44.

Denied.

45.

Denied.

46.

The Fujitec Defendants admit that a complaint was made regarding Plaintiff's conduct, that Fujitec America employees Krupp and Yoshimura informed Plaintiff about the complaint against him that it was investigated, and deny the remaining allegations pled in paragraph 46 of the Complaint.

47.

The Fujitec Defendants admit that a complaint was made regarding Plaintiff's conduct, that Fujitec America employees Krupp and Yoshimura informed Plaintiff about the complaint against him that it was investigated, and that Plaintiff later was terminated. The Fujitec Defendants deny the remaining allegations pled in paragraph 47 of the Complaint.

48.

The Fujitec Defendants admit that Plaintiff was interviewed by outside counsel Turner, who is based in Atlanta, Georgia, and deny the remaining allegations pled in paragraph 48 of the Complaint.

49.

The Fujitec Defendants admit that they had policies, including a sexual harassment policy, deny that these policies were not followed by Fujitec America in any way, and deny the remaining allegations pled in paragraph 49 of the Complaint.

50.

The Fujitec Defendants admit that Plaintiff was interviewed by outside counsel Turner, and admit that Plaintiff was asked about his actions and conduct with respect to Defendant McKenzie, and deny the remaining allegations pled in paragraph 50 of the Complaint.

51.

The Fujitec Defendants admit that Plaintiff was interviewed by outside counsel Turner, and admit that Plaintiff was asked about his actions and conduct with respect to Defendant McKenzie, and deny the remaining allegations pled in paragraph 51 of the Complaint.

52.

The Fujitec Defendants admit that Plaintiff was interviewed by outside counsel Turner, and admit that Plaintiff was asked about his actions and conduct with respect to Defendant McKenzie, and deny the remaining allegations pled in paragraph 52 of the Complaint.

53.

The Fujitec Defendants admit that Plaintiff was interviewed by outside counsel Turner, and admit that Plaintiff was asked about his actions and conduct with respect to Defendant McKenzie, and deny the remaining allegations pled in paragraph 53 of the Complaint.

54.

The Fujitec Defendants admit that Plaintiff was interviewed by outside counsel Turner, and admit that Plaintiff was asked about his actions and conduct with respect to Defendant McKenzie, and deny the remaining allegations pled in paragraph 54 of the Complaint.

55.

The Fujitec Defendants admit that Plaintiff was interviewed by outside counsel Turner, and admit that Plaintiff was asked about his actions and conduct with respect to Defendant McKenzie, and deny the remaining allegations pled in paragraph 55 of the Complaint.

56.

The Fujitec Defendants admit that Plaintiff was placed on leave, and that this was communicated to Plaintiff by Krupp, and deny the remaining allegations pled in paragraph 56 of the Complaint.

57.

Denied.

58.

The Fujitec Defendants admit that Plaintiff repeatedly badgered Krupp to attempt to interrupt Fujitec's investigation into Plaintiff's conduct, and that Plaintiff was not contacted about the conclusion of the investigation until it was completed. The Fujitec Defendants deny the remaining allegations pled in paragraph 58 of the Complaint.

59.

The Fujitec Defendants admit that Plaintiff repeatedly badgered Krupp to attempt to interrupt Fujitec's investigation into Plaintiff's conduct, and that Plaintiff was not contacted about

the conclusion of the investigation until it was completed. The Fujitec Defendants deny the remaining allegations pled in paragraph 59 of the Complaint.

60.

The Fujitec Defendants admit that Plaintiff repeatedly badgered Krupp to attempt to interrupt Fujitec's investigation into Plaintiff's conduct, and that Plaintiff was not contacted about the conclusion of the investigation until it was completed. The Fujitec Defendants deny the remaining allegations pled in paragraph 60 of the Complaint.

61.

Denied.

62.

The Fujitec Defendants admit that Plaintiff repeatedly badgered Krupp to attempt to interrupt Fujitec's investigation into Plaintiff's conduct, and that Plaintiff was not contacted about the conclusion of the investigation until it was completed. The Fujitec Defendants deny the remaining allegations pled in paragraph 62 of the Complaint.

63.

The Fujitec Defendants admit that Plaintiff repeatedly badgered Krupp to attempt to interrupt Fujitec's investigation into Plaintiff's conduct, and that Plaintiff was not contacted about the conclusion of the investigation until it was completed. The Fujitec Defendants deny the remaining allegations pled in paragraph 63 of the Complaint.

64.

The Fujitec Defendants admit that Plaintiff repeatedly badgered Krupp to attempt to interrupt Fujitec's investigation into Plaintiff's conduct, and that Plaintiff was not contacted about

the conclusion of the investigation until it was completed. The Fujitec Defendants deny the remaining allegations pled in paragraph 64 of the Complaint.

65.

The Fujitec Defendants admit that Plaintiff repeatedly badgered Krupp to attempt to interrupt Fujitec's investigation into Plaintiff's conduct, and that Plaintiff was not contacted about the conclusion of the investigation until it was completed. The Fujitec Defendants deny the remaining allegations pled in paragraph 65 of the Complaint.

66.

The Fujitec Defendants admit that, at the conclusion of the investigation into Plaintiff's conduct, he was terminated, and deny the remaining allegations pled in paragraph 66 of the Complaint.

67.

Denied.

68.

Denied.

69.

Denied, including subparts (a) through (f).

70.

Denied.

71.

Denied.

72.

Denied.

73.

Denied.

74.

Denied.

75.

Denied.

76.

The Fujitec Defendants admit that Fujitec America completed a complete and thorough investigation, and deny the remaining allegations pled in paragraph 76 of the Complaint.

77.

Denied.

78.

Denied.

79.

The Fujitec Defendants are without knowledge or information as to Plaintiff's knowledge of his own violation of work rules, and deny the remaining allegations pled in paragraph 79 of the Complaint.

80.

Denied.

81.

Denied.

82.

The Fujitec Defendants show that Fujitec America's policy speaks for itself and the allegations therefore require no response, and therefore deny the allegations pled in paragraph 82 of the Complaint

83.

The Fujitec Defendants show that Fujitec America's policy speaks for itself and the allegations therefore require no response, and therefore deny the allegations pled in paragraph 83 of the Complaint.

84.

The Fujitec Defendants show that Fujitec America's policy speaks for itself and the allegations therefore require no response, and therefore deny the allegations pled in paragraph 84 of the Complaint.

85.

The Fujitec Defendants admit that Plaintiff submitted an appeal to his termination, that the appeal was reviewed, and that his termination was upheld, and deny the remaining allegations pled in paragraph 85 of the Complaint.

86.

Denied.

87.

Denied.

88.

The Fujitec Defendants admit that Plaintiff submitted an appeal to his termination, that the appeal was reviewed, and that his termination was upheld, and deny the remaining allegations pled in paragraph 88 of the Complaint.

89.

Denied.

90.

Denied.

91.

Denied.

92.

Denied.

**COUNT II – Defamation**

99[1].

The Fujitec Defendants incorporate their responses in paragraphs 1 through 98 of this Answer as if fully set forth herein.

100.

The Fujitec Defendants show the allegations in paragraph 100 are not directed to them and require no response, but to the extent a response is required, the Fujitec Defendants deny the allegations pled in paragraph 100 of the Complaint.

---

[1] All factual allegations relating to paragraphs 93 through 99 are denied as though set forth fully herein and denied, as the Fujitec Defendants have moved to dismiss Count I of the Complaint in a Motion filed simultaneously with this Answer.

101.

The Fujitec Defendants show the allegations in paragraph 101 are not directed to them and require no response, but to the extent a response is required, the Fujitec Defendants deny the allegations pled in paragraph 101 of the Complaint.

102.

Denied.

103.

Denied.

104.

Denied.

## COUNT VI – Promissory Estoppel

146[2].

The Fujitec Defendants incorporate their responses in paragraphs 1 through 145 of this Answer as if fully set forth herein.

147.

Denied.

148.

Denied.

149.

Denied.

---

[2] All factual allegations relating to paragraphs 105 through 145 are denied as though set forth fully herein and denied, as the Fujitec Defendants have moved to dismiss Counts III - V of the Complaint in a Motion filed simultaneously with this Answer.

150.

Denied.

## COUNT VII – Title VII

151.

The Fujitec Defendants incorporate their responses in paragraphs 1 through 150 of this Answer as if fully set forth herein.

152.

The Fujitec Defendants show that the number of individuals it employs fluctuates, admit that Fujitec America, Inc. has employed around the number of employees pled, and denies the remaining allegations pled in paragraph 152 of the Complaint.

153.

Denied.

154.

The Fujitec Defendants admit the allegations pled in paragraph 154 of the Complaint.

155.

Denied.

156.

Denied.

157.

Denied, including subparts (a) through (e).

158.

Denied.

## **COUNT VIII – Retaliation (Title VII)**

159.

The Fujitec Defendants incorporate their responses in paragraphs 1 through 158 of this Answer as if fully set forth herein.

160.

Denied.

161.

Denied.

## **COUNT IX – Discrimination**

162.

The Fujitec Defendants incorporate their responses in paragraphs 1 through 161 of this Answer as if fully set forth herein.

163.

The Fujitec Defendants admit the allegations pled in paragraph 163 of the Complaint.

164.

Denied.

165.

Denied.

166.

Denied.

## COUNT X - Retaliation

### 167.

The Fujitec Defendants incorporate their responses in paragraphs 1 through 166 of this Answer as if fully set forth herein.

### 168.

Denied.

### 169.

Denied.

### 170[3].

The Fujitec Defendant deny that Plaintiff is entitled to any relief, including the relief sought in subparts (1) through (15) immediately following the WHEREFORE paragraph in Plaintiff's Complaint.

### 171.

Any allegations in the Complaint not heretofore answered, qualified, or denied are here and now denied as though set forth specifically and denied.

**WHEREFORE,** the Fujitec Defendants in the above-referenced civil action respectfully request that this Court:

1.    Dismiss with prejudice Plaintiff's Complaint;

2.    Award the Fujitec Defendants their reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988 or otherwise; and

---

[3] All factual allegations relating to paragraphs 170 through 180 of the Complaint are denied as though set forth fully herein and denied, as the Fujitec Defendants have moved to dismiss Count XI of the Complaint in a Motion filed simultaneously with this Answer.

3.      Award any and all other relief to the Fujitec Defendants that this Court may deem

necessary and proper.

Respectfully submitted,

_s/Martin B. Heller_
Martin B. Heller (GA Bar No. 360538)*
JonVieve D. Hill (GA Bar No. 907946)*
*Admitted *Pro Hac Vice*
FISHER & PHILLIPS LLP
1075 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30309
Telephone: (404) 231-1400
Facsimile:  (404) 240-4249
mheller@fisherphillips.com
jhill@fisherphillips.com

Jazmyn J. Stover (0088580)
FISHER & PHILLIPS LLP
200 Public Square, Suite 4000
Cleveland, Ohio 44114
Telephone: (440) 838-8800
Facsimile:  (440) 838-8805
jstover@fisherphillips.com

*Counsel for Defendants Fujitec America,
Inc., Fujitec Co., Ltd., and Gary Krupp*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION**

DARRYL MITCHELL,                      )
                                      )        CIVIL ACTION FILE
     Plaintiff,                   )
v.                                    )        NO. 1:20-cv-00363-DRC
                                      )
FUJITEC AMERICA, INC., FUJITEC CO., )
LTD., GARY KRUPP and SHAWNEZ          )
MCKENZIE,                             )
                                      )
     Defendants.                  )
_____  )

## <u>VERIFICATION</u>

The undersigned, on behalf of himself and Fujitec America, Inc., and who has been given

permission to affirm on behalf of Fujitec Co., Ltd., affirms that the facts contained in the attached

Answer and Affirmative Defenses of Defendants Fujitec America, Inc., Fujitec Co., Ltd and Gary

Krupp, are true to the best of his and the Fujitec Defendants' knowledge and belief.

     Executed this __18__ day of _March_, 2021.



                        _____
                        Gary Krupp

STATE OF _Ohio_
COUNTY OF _Warren_

Sworn to before me this _18th_ day of _March_, 2021.

_[signature]_
Notary Public

My commission expires: _N/A_____

SARA C. CONLEY
Attorney At Law
NOTARY PUBLIC
STATE OF OHIO
My Commission Has
No Expiration Date
Section 147.03 O.R.C.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS FUJITEC AMERICA, INC., FUJITEC CO., LTD AND GARY KRUPP** upon all parties to this matter e-filing with the CM / ECF system, which will automatically serve a copy on all counsel of record.

This 22nd day of March 2021.

*s/Martin B. Heller*
Martin B. Heller (GA Bar No. 360538)*
*Admitted *Pro Hac Vice*
FISHER & PHILLIPS LLP
1075 Peachtree Street, NE, Suite 3500
Atlanta, GA 30309
Telephone: (404) 231-1400
Facsimile:  (404) 240-4249
mheller@fisherphillips.com